UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

11 CV 9682

---------------------------------------------------------x

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

                     Plaintiff,

      V.

GRAND CENTRAL PARTNERSHIP,
INC.,

                   Defendant.

---------------------------------------------------------x

**DEMAND FOR JURY TRIAL**

Civil Action No. _____ (PGG)

DEC 30 2011
U.S.D.C. S.D.N.Y.
CASHIERS

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct to correct unlawful employment practices on the basis of retaliation, and to provide appropriate relief to Frantz Seraphin, who was adversely affected by such practices. As alleged with greater specificity below, Plaintiff Equal Employment Opportunity Commission alleges that defendant Grand Central Partnership, Inc. terminated Seraphin because of his participation in an EEOC lawsuit resolved in 2009 and because he engaged in protected activity on March 25, 2010. In addition to violating Title VII, the retaliation alleged herein constitutes a violation by defendant of the Consent Decree entered on August 7, 2009 in settlement of Civil Action No. 08-CV-8023 (PGG) in the U.S. District Court of the Southern District of New York, set to expire on February 1, 2012.

## JURISDICTION AND VENUE

1.    Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345.  This action is authorized and instituted pursuant to Section 706(f)(1) and 706(f)(3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e et seq. ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981A.  The unlawful employment practices alleged below were and are now being committed within the jurisdiction of the United States District Court for the Southern District of New York.

## PARTIES

2.    Plaintiff, Equal Employment Opportunity Commission ("the Commission" or "the EEOC"), is an agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1), 42 U.S.C. §2000e-5(f)(1).

3.    At all relevant times, defendant has continuously been a not-for-profit corporation, doing business in the State of New York and the City of New York and has continuously had at least fifteen employees.

4.    At all relevant times, defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

5.    More than thirty days prior to the institution of this lawsuit, Seraphin filed a charge of discrimination with the Commission alleging a violation of Title VII by defendant.  All conditions precedent to the institution of this lawsuit have been fulfilled.

6.      Since at least March, 2010, defendant has engaged in unlawful employment practices in that it terminated Seraphin in retaliation for his (a) participation in that 2009 lawsuit, and (b) his opposition to continued unlawful discrimination against Rastafarian and black safety officers in 2010, in violation of 42 U.S.C. §2000e-3(a).

a.   Seraphin began employment as a Public Safety Officer ("PSO") in defendant's Safety Department in 1997.  He is black and of Haitian national origin.  As a PSO he provided security to the public in the Grand Central Terminal locale and facilities.   Defendant employed Seraphin in that capacity until it terminated his employment in July 2010.

b.   On January 9, 2009, EEOC filed an Amended Complaint (amending the Complaint of September 17, 2008, 08-CV-8023 (PGG)) against defendant alleging that it subjected Seraphin and three other PSOs (the "claimants") to a hostile work environment on the basis of their Rastafarian religion and/or Caribbean based national origin, including verbal harassment and threats of physical harm, including threats to shoot claimants by co-workers. EEOC also alleged that defendant failed to accommodate the religious practices of the claimants when it denied them accommodations pursuant to its "Personal Appearance" policy requiring neat and trimmed hair and clean shaven officers. EEOC further alleged that defendant retaliated against the claimants when they opposed the ongoing discrimination in the workplace by assigning them to undesirable work assignments.

c.   On August 7, 2009, EEOC and defendant entered into a Consent Decree resolving Civil Action No. 08-CV-8023 (PGG).  Among other relief,

defendant agreed to provide reasonable accommodation of the claimants' religious practices, and not to retaliate against the claimants because of their participation in the lawsuit.

d.  On the morning of March 25, 2010, PSO Edward Campbell ("Campbell") threatened Rastafarian PSO Brian Lee ("Lee") with physical violence, even threatening to use a gun and kill him and the two other Rastafarians then dressing in the locker-room.

e.  Immediately after the locker-room incident, defendant's Supervisor George Hogan of the Safety Department told the three Rastafarian PSOs to get away from the area, leave "poor" Campbell alone, and told them that they shared responsibility for Campbell's threatened violence.

f.  Seraphin complained to Hogan that he was failing to protect the claimants from this very serious threat of violence and bodily harm.   In the context of this complaint, Seraphin quoted to Hogan the racist and anti-Rastafarian language that Seraphin had been told Hogan himself had used about the Rastafarian claimants: "we know you never liked us and we know you called us 'niggers' and said you would never assign those guys with long hair outside and they would need someone who looked like them to sign their book" (referring to validating their hours of work).

g.  Seraphin understood that Hogan had made this statement at a management meeting in the context of explaining his resistance to allowing accommodations to its Personal Appearance policy for the Rastafarian security officers.

4

h. Shortly after Seraphin's complaint to Hogan, he telephoned EEOC counsel and complained about the lack of protection and safety provided by defendant. Later that day, both Seraphin and EEOC counsel informed defendant about this contact. Defendant was also aware of other complaints by Seraphin to EEOC in the period between August 2009 and March 2010.

i. Beginning on or about March 25, 2010, defendant investigated not only Campbell's conduct, but also Seraphin's complaint to Hogan.

j. Defendant collected written statements from only those PSO witnesses who would support a conclusion that Seraphin had acted in a threatening manner to Hogan. In contrast, defendant refused to collect from the other claimants any written statements regarding the disagreement between Seraphin and Hogan.

k. Through its Executive Vice President for Operations Peter Lempin, defendant threatened potential witnesses, refused to credit any facts offered by Rastafarian witnesses, and conducted an investigation intended to find that Seraphin had engaged in misconduct. Relying on its biased and pre-determined investigation results, defendant terminated Seraphin's employment on July 10, 2010.

7. The unlawful employment practices complained of above were intentional.

8. The unlawful employment practices complained of above were done with malice and/or reckless indifference to the federally protected rights of Seraphin.

9. The unlawful employment practices complained of above were also in contempt of the injunction against further retaliation against claimants by defendant as dictated by the

terms of paragraph ten (10) of the Consent Decree entered in Civil Action No. 08-CV-8023 (PGG).

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.      Grant a permanent injunction enjoining defendant, its officers, successors, assigns and all persons in active concert or participation with them, from engaging in any employment practice which constitutes unlawful retaliation.

B.      Order defendant to institute and carry out policies, practices and a mechanism to appropriately investigate and complaints of religious and race discrimination without engaging in any unlawful retaliation.

C.      Order defendant to make whole Seraphin, by providing appropriate backpay with prejudgment interest, in amounts to be proved at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to rightful-place reinstatement of Seraphin.

D.      Order defendant to make whole Seraphin, by providing compensation for past and future pecuniary losses, including, but not limited to, medical expenses in amounts to be determined at trial.

E.      Order defendant to make whole Seraphin, by providing compensation for past and future non-pecuniary losses, including, but not limited to, pain and suffering, mental anguish, inconvenience and loss of enjoyment in life, in amounts to be determined at trial.

F.      Order defendant to make whole Seraphin, by providing punitive damages against defendant for its malicious and reckless conduct, in amounts to be determined at trial.

G.      Grant such further relief as the Court deems necessary and proper.

H.    Award the Commission its costs in this action.

## <u>JURY TRIAL DEMAND</u>

The Commission requests a trial by jury on all questions of fact raised by its

Complaint.

Dated:  New York, New York
          December 30, 2011


                              EQUAL EMPLOYMENT OPPORTUNITY
                              COMMISSION

                              Elizabeth Grossman  (#2478)
                              Regional Attorney


                              Nora Curtin
                              Supervisory Trial Attorney


                              Michael B. Ranis  (#3757)
                              Trial Attorney

                              New York District Office
                              33 Whitehall Street, 5th Flr.
                              New York, N.Y. 10004
                              (212) 336-3701

7