UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------x

EQUAL EMPLOYMENT OPPORTUNITY          :
COMMISSION,                           :
                                      :
                                      :   **Civil Action No. 11-CV-**
            **Plaintiff,**            :   **9682 (JMF)**
                                      :
      v.                              :
                                      :
GRAND CENTRAL                         :
PARTNERSHIP, INC.,                    :
                                      :
            **Defendant.**            :
----------------------------------------------------------------x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 3|1|13

## CONSENT DECREE

This action was initiated on December 30, 2011 by Plaintiff, the Equal Employment

Opportunity Commission (hereinafter "EEOC"), an agency of the United States Government,

alleging that Defendant Grand Central Partnership, Inc. (hereinafter "Defendant" or "GCP")

retaliated against Charging Party Frantz Seraphin in violation of Title VII of the Civil Rights Acts

of 1964, as amended, 42 U.S.C. §2000e et seq. ("Title VII"), and the Civil Rights Act of 1991, 42

U.S.C. § 1981A, after Seraphin complained about unlawful discrimination on the basis of race

and religion. The Complaint also alleged that Defendant terminated Seraphin because of his

participation in an EEOC lawsuit in 2009, and that such action violated a Consent Decree entered

into between the parties on August 7, 2009.

EEOC and Defendant desire to settle this action, and EEOC and Defendant do hereby

stipulate and consent to the entry of this Decree as final and binding between EEOC and

Defendant, including Defendant's parent organizations, successors, assigns, subsidiaries,

affiliates, and any other corporation or other entity into which Defendant may merge or with

which Defendant may consolidate. The parties have agreed that this Decree may be entered

into without findings of fact and conclusions of law having been made and entered by the Court. The execution and acceptance of this Decree by Defendant is voluntary, Defendant denies all liability, and execution does not constitute any admission of liability, in connection with the matters alleged in the charges filed by Seraphin with EEOC or in EEOC's Complaint. The Decree may not be used as evidence for any purpose in any litigation except to enforce this decree.

In consideration of the mutual promises of each party to this Decree, the sufficiency of which is hereby acknowledged, the parties agree as follows, and the Court finds appropriate, and it is therefore ORDERED, ADJUDGED AND DECREED that:

1.      This Decree resolves all issues and allegations in EEOC's Complaint filed in the instant action and all issues raised in EEOC Charge Number 520-2010-03569, which served as the jurisdictional prerequisite in this case. This Decree does not resolve any other charges currently pending before EEOC, or any charge that may be filed in the future by Seraphin or any other person. EEOC reserves all rights to proceed regarding matters not covered in this Decree.

2.      The Court has jurisdiction of the subject matter of this action and over the parties, venue is proper, and all administrative prerequisites have been met.

3.      Defendant will not contest the validity of this Decree.

4.      Defendant will not contest the jurisdiction of the United States District Court to enforce this Decree and its terms, or the right of EEOC to bring an enforcement suit upon Defendant's breach of any of the terms of this Decree.

5.      The parties agree that this Decree constitutes the complete agreement between them, and supersedes all rights, obligations, negotiations, representations, and writings prior to the date of this Decree. By mutual consent of the parties, this Decree may be amended in the

2

interest of justice and fairness and to facilitate execution of this Decree's provisions. No waiver, modification, or amendment of any provision of this Decree shall be effective unless made in writing, approved by both parties to this Decree, and approved or ordered by the Court.

6.      Breach of any term of this Decree by Defendant will be deemed a substantive breach. EEOC will determine whether Defendant has complied with the terms of this Decree and is authorized to seek compliance with this Decree in the United States District Court, which will retain jurisdiction to enforce this Decree.

7.      If EEOC determines that the Decree has been violated, it will provide Defendant with 15 business days within which to cure the violation, by notifying Defendant's General Counsel , in writing, before seeking the Court's intervention. EEOC need not comply with this provision if the delay would result in immediate harm to the public interest. If EEOC is concerned that Defendant has violated such that there is potential for intimidation or retaliation against any witnesses or individuals exercising their opposition to unlawful activities, a member of Defendant's management and its counsel agree to meet with EEOC counsel to discuss the matter.

8.      Defendant will provide timely written notice and a copy of this Decree to any successors, assigns, subsidiaries, affiliates, purchasers, and to any other corporation or other entity into GCP may merge or with which it may consolidate, and to and any other corporation or entity that purchases or acquires GCP. The successors, assigns, affiliates, purchasers, other corporation or any surviving entities upon merger or consolidation shall be fully liable for complying with the terms of this Decree. Defendant shall provide written notice to EEOC within 10 days of any assignment, succession, acquisition, merger or consolidation affecting Defendant.

9.      Defendant and its managers, officers, agents, parent organizations, successors,

3

assigns, subsidiaries, affiliates, and any other corporation or other entity into which Defendant may merge or with which Defendant may consolidate will not retaliate against any individual for asserting her or his rights under Title VII or otherwise engaging in protected activity, or giving information or testimony regarding any investigation relating to any allegations of discrimination in violation of Title VII. This includes that Defendant will not retaliate against any individual who files or has filed a charge, requests or has requested a religious accommodation, gives or has given testimony or given assistance with the investigation or litigation of these charges or action, has opposed discrimination on the basis of race or religion, or asserts or has asserted his rights or participated in any action alleging discrimination on the basis of race or religion.

10.     Defendant will not engage in any unlawful employment discrimination, including discrimination on the basis of religion. Defendant agrees to enforce its written policies and will maintain its procedures prohibiting employment discrimination, and will continue to maintain a policy and procedure specifically addressing reasonable accommodation of employees' religious beliefs or practices, including accommodations related to Defendant's personal appearance policy. It will also implement a new policy prohibiting retaliation against those employees who are involved in a complaint of discrimination or oppose any unlawful practice under Title VII. A copy of these EEO policies on non-discrimination and retaliation are attached as Exhibit A. The attachment of Defendant's policy to this Decree is not a representation by EEOC that Defendant has been or is compliant with federal anti-discrimination laws.

11.     Defendant's EEO Policies will contain guidance and instruction to all managers and human resources personnel on the investigation of any complaint of discrimination, including interviewing techniques and non-retaliatory treatment of any individual(s) and witness(es) during

4

such investigation, and to ensure compliance with the provisions of Title VII.

12. Defendant will discipline any manager or employee who violates Defendant's EEO Policies.

13. Within 15 business days of entry of this Decree, Defendant will distribute a copy of its EEO Policies to its employees. Defendant will, thereafter, distribute a copy of the employee handbook containing the EEO Policies to all new employees at their orientation, but no later than five business days after their start date. Defendant will also follow its EEO Policies as to job applicants and will provide a copy of the EEO Policies to applicants who request reasonable accommodation for religious beliefs or practices during any aspect of the hiring or interviewing process. Defendant will also redistribute the EEO Policies annually on the anniversary date of this Decree.

14. Within 15 business days of distribution of the EEO Policies, Defendant will provide written verification to EEOC that it has distributed a copy of its EEO Policies to all of its employees. Every 6 months thereafter, Defendant will send written verification to EEOC that its EEO Policies have been disseminated to all job applicants who have asked about religious accommodation for religious beliefs and have been given to all new employees during their orientation or no later than 5 business days of such individuals starting their employment with Defendant.

15. Defendant will post EEO posters on the bulletin board in the basement, near the locker rooms at 370 Lexington Avenue, New York, New York.

16. Within 10 business days of entry of this Decree, Defendant will display and maintain a Notice, a copy of which is attached as <u>Exhibit B</u>, on the bulletin board in the basement near the locker rooms at 370 Lexington Avenue, New York, New York. This Notice shall be

signed by Defendant's President, Alfred C. Cerullo, emphasizing Defendant's commitment to abide by federal laws prohibiting employment discrimination, including laws prohibiting discrimination on the basis of religion. Within 14 days of entry of this Decree, Defendant will send written verification to EEOC that the EEO Poster and the Notice have been posted.

## TRAINING

17.     Within 90 days of entry of this Decree, Defendant will provide its employees with no fewer than 2 hours of training as agreed upon in federal laws prohibiting discrimination in employment, with a special emphasis on laws prohibiting retaliation for making complaints regarding alleged violations of Title VII, harassment on the basis of religion, race, and national origin, and requests for reasonable accommodations for the practice of religion. The training will also stress that employees may not be retaliated against for opposing discriminatory conduct or engaging in protected activity or for requesting reasonable accommodations. The training will also address religious diversity, the need for religious tolerance of beliefs including those of non-mainstream religious traditions, and the possible needs for reasonable accommodations for religious beliefs and practices.

18.     Within 90 days of entry of this Decree, Defendant will provide all supervisors and managers, and executives, including the Vice President of Operations and the Director of Security, 2 hours of training as agreed upon , with a special emphasis on laws prohibiting discrimination and harassment on the basis of religion and national origin and reasonable accommodations for religion. They will be trained on Defendant's EEO Policies, which require that Defendant prohibit discrimination on the basis of religion, and retaliation, witness intimidation, or any pressure against any employee for giving any testimony or participating in any complaints of discrimination against Defendant, or given information adverse to Defendant

6

in any investigation of any such complaint. The training will emphasize the need to follow Defendant's EEO Policies. The training will also emphasize Defendant's disciplinary policies regarding supervisors and managers who engage in religious discrimination or retaliation.

19.     Within 45 days of entry of this Decree, any managers or supervisors who conduct investigations of employee conduct at Defendant, including, but not limited to, Vice President of Operations Peter Lempin, and Director of Security David Camella, will undertake a six hour training course as agreed upon by EEOC. The training will focus on conducting an appropriate investigation and the techniques to be used, appropriate methods of fact collection, and use of testimony and documents to corroborate facts in an investigation. The training will also focus on the appropriate analysis, weighing of facts and credibility, and preparation of summary reports and conclusions regarding any disciplinary action(s) taken by Defendant. [The curriculum for the training will be agreed upon by EEOC.]. This agreed upon 6 hour training will be repeated once - no more than one year from the date of the initial training.

20.     Defendant will maintain attendance records identifying the name and job title of the attendees at each session described in ¶¶17-19. Within 21 days of each training session, Defendant will provide to EEOC a copy of the attendance records from the training session, including the names and signatures of those present.

21.     Within 120 days of entry of this Decree, Defendant will provide written confirmation that all the Public Safety Officers, managers, supervisors and executives have received the trainings at the sessions, and a list of those who have not attended and received the training, and the reason.

22.     Defendant will maintain records of all written or oral complaints or allegations of discrimination on the basis of religion, race, or national origin or based on failure to

7

accommodate religious beliefs or practices by any of its employees during this time period. Within 3 months of the entry of this Decree, and every 6 months thereafter, Defendant will provide EEOC with a summary of each complaint, and for each such complaint: the name of the complaining party or party who was allegedly subjected to discrimination or retaliation, the name of the person(s) who allegedly engaged in such discriminatory or retaliatory conduct, the results of any investigation of the complaint or allegation, and any remedial action taken by Defendant. If no such requests were made during the 3 month period, Defendant shall provide this information to EEOC in writing at that time and every 6 months for the life of this Decree.

23.     If EEOC receives any complaints of discrimination from any of defendant's employees, EEOC may conduct an inspection and interviews by giving defendant advanced notice of its intent to come on defendant's premises and conduct any interviews of employees and/or managers, and any further inspection of the premises and working conditions.

24.     Within 35 days of entry of this Decree, GCP will pay $135,000 in total damages to Frantz Seraphin in the following amounts $85,000 as backpay wages with all applicable wage, FICA and other deductions, and will issue a W-2 Tax Form for that amount at that time. Defendant will pay $50,000 as compensatory damages , and will issue a 1099 Tax Form for that amount.  Defendant will send copies of the checks and tax forms to EEOC within 7 days of issuance.  No deductions shall be taken from this payment for compensatory damages.

25.     Within fourteen days of entry of this Decree Defendant will provide Seraphin with a letter attached as Exhibit D, stating the years of his employment with GCP as a Public Safety Officer, and stating the dates of his employment and job classification.

26.     All materials required by this Decree to be sent to EEOC shall be addressed to Michael Ranis and emailed to *michael.ranis*@eeoc.gov and *decreemonitor.nydo*@eeoc.gov.

8

27.     This Decree will not expire while any enforcement action concerning this Decree is pending.

28.     The Court retains jurisdiction over this action during the duration of this Decree. The matter may be administratively closed but will not be dismissed during the duration of this Decree.

29.     Within 30 days after the date set for the expiration of this Decree, the parties will submit a stipulation of dismissal with prejudice to the Court or a notice that this Decree has not expired because an enforcement action is pending.

30.     This Decree replaces the Consent Decree entered into between the parties on August 9, 2009 in settlement of Civil Action No. 08-CV-8023 (PGG) in the U.S. District Court of the Southern District of New York. The terms of that Decree requiring that Defendant provide reasonable accommodations of employees' religious practices are continued in this Decree.

31.     This Decree constitutes the complete understanding among the parties.  No modification or other promises or agreements shall be binding unless agreed to in writing and signed by these parties.

32.     This Decree will remain in effect until June 12, 2015.

Dated: 2/27/13

FOR PLAINTIFF EEOC

_____
Elizabeth Grossman, Regional Attorney

_____
Nora Curtin, Supervisory Trial Attorney

9

Michael Ranis, Trial Attorney
33 Whitehall Street, 5th Floor
New York, New York 10004
Telephone No. 212.336.3701
Facsimile No. 212.336.3623
Email Address: michael.ranis@eeoc.gov

FOR DEFENDANT GRAND CENTRAL PARTNERSHIP,
INC.

Dated: 2/15/13

Alfred C. Cerullo, III
President and CEO
GRAND CENTRAL PARTNERSHIP, INC.
370 Lexington Avenue, New York, New York

Bertrand B. Pogrebin, Esq.
Littler Mendelson, P.C.
900 Third Avenue
New York, NY 10022-3298
Telephone No. 212.583.9600
Facsimile No. 212.832.2719
Email Address: BPogrebin@littler.com

**SO ORDERED, ADJUDGED, AND DECREED,**

Signed this 1st day of March, 2013

HON. JESSE M. FURMAN
**UNITED STATES DISTRICT JUDGE**

The parties shall promptly file the Exhibits referenced herein.

The Clerk of Court is directed to administratively close this
case, subject to the right of either party to request reopening
it in the event circumstances warrant further proceedings.

10